UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CASSO'S WELLNESS STORE & GYM, LLC.          CIVIL ACTION

VERSUS                                       NO. 17-2161

SPECTRUM LABORATORY PRODUCTS, INC.          SECTION "F"(2)

**ORDER ON MOTIONS**
**APPROVING CLASS ACTION SETTLEMENT**

This is a class action instituted by Casso's Wellness Store & Gym, L.L.C. ("Casso's" or "plaintiff"). Casso's alleges that Spectrum Laboratory Products, Inc. ("Spectrum" or "defendant") sent thousands of junk faxes nationwide in violation of the Telephone Consumer Protection Act of 1991 ("TCPA"), and the Junk Fax Prevention Act of 2005 ("JFPA"), codified at 47 U.S.C. § 227. Plaintiff sought damages and injunctive relief on behalf of itself and all others similarly situated. Record Doc. No. 1 (Complaint at ¶ 29, pp. 11-13). This matter has been referred to a United States Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c) upon the written consent of all parties. Record Doc. No. 78.

The captioned case was vigorously litigated for almost two years. Spectrum responded to this action by filing two motions to dismiss, one for lack of subject matter jurisdiction and one for lack of personal jurisdiction. Record Doc. Nos. 13, 15. Both motions were denied by the presiding district judge. Record Doc. Nos. 46, 47. Spectrum then filed an answer, denying any and all liability under the TCPA and asserting multiple affirmative defenses. Record Doc. No. 48. Spectrum also filed claims against

ChannelCast Media Corporation, d/b/a Pipeline Media ("Pipeline"), the third-party fax broadcasting company used by Spectrum. Record Doc. No. 49. Plaintiff filed a motion for issuance of letters rogatory to the Ontario Superior Court of Justice in Canada to assist plaintiff in obtaining evidence from Pipeline, Record Doc. No. 65, which was granted, Record Doc. No. 66. However, after failing to effectuate service on Pipeline, Spectrum voluntarily dismissed its claims against Pipeline without prejudice. Record Doc. No. 72. The parties thereafter agreed to private mediation beginning on September 28, 2018. Record Doc. No. 80-1 at p. 3. About one month later, after several rounds of settlement negotiations, the parties agreed upon a proposed settlement on October 24, 2018. Id. at pp. 3-4. Plaintiff then filed a motion for preliminary approval of the class action settlement Record Doc. No. 76, which was granted, Record Doc. No. 79.

A fairness hearing was conducted on March 13, 2019. Participating were: George Recile and Zachary Smith, representing plaintiff;   Jonathan Walsh, representing defendant. The hearing addressed: (1) Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement, including Gift Card Design, Notice and Distribution Process, Record Doc. Nos. 80 and 85; and (2) Plaintiff's Unopposed Motion for Approval of Attorneys' Fees, Costs, and for Service Award, Record Doc. No. 81. No written opposition to these motions was filed, and no appearances were made at the hearing by any party expressing opposition to the motions or court approval of the proposed

settlement. Nevertheless, final court approval of the proposed settlement was not given at the hearing.

Instead, before final determination of these motions, the court required additional supporting evidentiary submissions. Specifically, the court ordered counsel for plaintiff to file (1) an itemized list of costs, together with a sworn affidavit of counsel verifying the list and explaining any ambiguous listings; (2) a sworn affidavit from a representative of Casso's, specifying and describing plaintiff's litigation activities, with a good faith estimate of the time expended, supporting the requested service award to Casso's; and (3) proof of plaintiff's attorneys' time expended and tasks performed in support of the requested fee award in the manner required by Local Rule 54.2. Record Doc. No. 90. Any interested party wishing to respond to any of the above materials was permitted to do so in writing no later than March 29, 2019. Id.

Plaintiff has filed the court-ordered supplemental submissions in the record. Record Doc. Nos. 94, 96. No responses to these submissions have been filed. Having reviewed these materials, I find that an award of costs in the amount of $36,449.83 to class counsel is justified. Plaintiff has submitted an itemized list of costs and an affidavit that explains the nature of all costs that are not self-evident, with copies of trust account statements and receipts and invoices concerning its retention of Canadian counsel,

Gilbertson Davis, LLP, in connection with the letters rogatory. Record Doc. Nos. 94-4 at pp. 1-3; 5; 8-20; 96-2 at pp. 1-3; 5; 8-20.

In addition, I find that Casso's should receive and has earned the $30,000.00 service award requested. Plaintiff has submitted Casso's invoice register, Record Doc. Nos. 94-4 at p. 7; 96-2 at p. 7, with affidavits of Jerry Michael Casso and Jamie Edie, representatives of Casso's, describing Casso's significant involvement and investment of time and effort in prosecution of this action. Record Doc. Nos. 94-5; 94-6; 96-3; 96-4.

I also find that plaintiff's counsel have submitted proof sufficient to support the award of attorney's fees contemplated by the settlement agreement and sought in the motion. Record Doc. Nos. 94-4 at pp. 3-4; 22-62; 96-2 at pp. 3-4; 22-62. An attorney's requested hourly rate is prima facie reasonable when he requests that the lodestar be computed at his customary billing rate, the rate is within the range of prevailing market rates, and the rate is not contested. Louisiana Power & Light Co. v. Kellstrom, 50 F.3d 319, 329 (5th Cir. 1995). Each attorney's hourly rate is uncontested and reasonable under these circumstances. Additionally, I find that the time expended, more than 1,000 hours, and the fee award requested, $957,000.00, based on a 33% contingency fee, are reasonable in this case, for all of the reasons and based upon the legal authorities set out in the motion papers. No objection to the requested attorneys' fees has been filed in the record or voiced at the fairness hearing.

As a whole, having considered plaintiff's motions for final approval of the class action settlement, including the gift card design, notice and distribution process, and for approval of its attorneys' fees, costs, and service award, I find that the settlement is "fair, reasonable, and adequate," and meets all requirements for approval under Fed. R. Civ. P. 23(e)(2). Specifically, in addition to the findings set out above, the record establishes that Casso's, as class representative, and its counsel have more than adequately represented the class. The settlement was negotiated at arms' length, through a lengthy mediation process in which all parties fully considered the costs, risks and potential for delay of resolution inherent in any trial and appeal. Both the relief provided in the agreement and the proposed method of distributing relief among the class members are adequate and effective, given the nature of the subject claims and the class. As noted above, no member of the settlement class has objected to the proposed settlement, and only one class member has requested to be excluded from the settlement. Record Doc. Nos. 89 at p. 2; 89-2 at p. 2; 94-2 at p. 3; 96 at p. 3.

For all of the foregoing reasons, IT IS ORDERED that Plaintiff's (1) Unopposed Motion for Final Approval of Class Action Settlement, including Gift Card Design, Notice and Distribution Process, Record Doc. Nos. 80 and 85; and (2) Unopposed Motion for Approval of Attorneys' Fees, Costs, and for Service Award, Record Doc. No.

81, are GRANTED. The proposed settlement is approved by the court in all respects.

Fed. R. Civ. P. 23(e)(2).

New Orleans, Louisiana, this _____1st_____ day of April, 2019.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE